UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BERNARD MACK,

Petitioner,

v. CASE NO. 2:06-CV-10709
HONORABLE AVERN COHN

JAN TROMBLEY,

Respondent.
_______________________________/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PETITION**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Dennis Bernard Mack (Petitioner), proceeding pro se, challenges the sufficiency of the evidence supporting his conviction for voluntary manslaughter. Because the state court's adjudication of Petitioner's claim was objectively reasonable, the habeas petition will be denied.

## II. Background

Petitioner was charged in Wayne County, Michigan with first-degree murder, felony firearm, and felon in possession of a firearm. Following a bench trial in 2003, he was convicted of voluntary manslaughter, MICH. COMP. LAWS § 750.321, felony firearm, MICH. COMP. LAWS § 750.227b. and felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. The convictions resulted from the fatal shooting of a teenager on July 31, 2003, at the intersection of Cherrylawn and Intervale Streets in Detroit. The shooting followed an argument between two groups of young people.

The trial court sentenced Petitioner to two years in prison for the felony firearm

conviction, followed by concurrent terms of fifteen to thirty years for the manslaughter conviction and five to fifteen years for being a felon in possession of a firearm. Petitioner raised his sufficiency-of-the-evidence claim in the Michigan Court of Appeals, which affirmed Petitioner's convictions in an unpublished opinion. See People v. Mack, No. 253121 (Mich. Ct. App. Aug. 2, 2005). On December 27, 2005, the Michigan Supreme Court denied leave to appeal. See People v. Mack, No. 129510 (Mich. Sup. Ct. Dec. 27, 2005).

Petitioner filed his habeas petition on February 17, 2006. The sole ground for relief reads:

> The competent evidence was not sufficient to overcome the presumption of innocence and convict the defendant of homicide, therefore violating Mr. Mack's constitutional rights guaranteed under the Fourteenth Amendment.

Respondent urges the Court to deny the habeas petition on the basis that the state court's decision was a reasonable application of Jackson v. Virginia, 443 U.S. 307 (1979).

## III. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam opinion) (emphasis in original).

## IV. Discussion

Petitioner's sole claim is that the competent evidence was insufficient to overcome the presumption of innocence and to convict him of a homicide. He maintains that the fatal bullet did not come from his gun.

### A. Jackson v. Virginia

The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. [T]his inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson, 443 U.S. at 318-19 (internal citation and footnote omitted) (emphasis in

original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," id. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d). Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002). In Michigan, "[t]he elements of voluntary manslaughter are (1) the defendant must kill in the heat of passion, (2) the passion must be caused by an adequate provocation, and (3) there cannot be a lapse of time during which a reasonable person could control his passions." People v. Sullivan, 586 N.W.2d 578, 582 (1998).

**B. The Evidence**

The only element in dispute is whether Petitioner fired the fatal shot that killed the victim. The parties stipulated that the victim died from a single gunshot wound to the face. Prosecution witnesses Maurita Grimes, Henry Grimes, LaJenna Lasiter, and Danielle Lasiter testified that Petitioner fired a gun more than once in the direction of a group of people standing at the corner of Cherrylawn and Intervale Streets. Maurita Grimes and Danielle Lasiter saw Petitioner's neighbor Derrick fire a gun into the air, but not in the direction of the people on Intervale Street.

Henry Grimes claimed that he did not see Derrick with a gun and he did not see anyone else shooting. He also testified that Petitioner had said at the police station, "There's a fifteen year old dead; tell my wife I love her, and kiss the kids for me. This is all messed up."

Dorothy Grimes and Petitioner's son, Dennis Ruffin, testified for the defense. They also claimed that Petitioner fired a gun more than once in the direction of the group of young people at the intersection of Cherrylawn and Intervale Streets. Dorothy

Grimes also testified that Petitioner's neighbor also had a gun, but she did not see him shoot it.

Patricia Ruffin, who is Petitioner's daughter, testified that she saw her father and Derrick shoot into the air and then aim at the young men. She heard gunshots, but she claimed that she did not know who fired them. In her statement to the police, she said that Derrick fired a gun and that her father had said only one shot was fired.

Petitioner admitted in his second statement to the police that he owned two guns, a twenty-five automatic and a twenty-two automatic, and that he went in the house and got both guns on the night in question. He also admitted that he used both guns that night, but when the twenty-five automatic jammed, he pulled the other gun out of his pants pocket and fired at the crowd.

The police confiscated a twenty-two caliber gun and a twenty-five caliber gun when executing search warrants. The twenty-five caliber gun was found in two pieces and was inoperable when the police tested it. Live rounds and casings from both a twenty-two caliber gun and a twenty-five caliber gun were found at the crime scene.

**C. The State Court Decisions**

Defense counsel argued in his motion for a directed verdict that the bullet recovered from the victim was a .25 caliber bullet and, because the twenty-five caliber gun that Petitioner had possessed was not functional, Petitioner could not be held responsible for killing the victim. The trial court denied defense counsel's motion after stating that Petitioner could have fired the twenty-five caliber gun before it jammed.

The trial court determined in its final findings of fact that Petitioner armed himself with a twenty-five caliber pistol and a twenty-two caliber pistol on the night of the

shooting. The trial court went on to say that

> [b]oth Derrick and [Petitioner] pulled out pistols. Derrick fired two shots in the air. The Defendant fired two shots in the air and then lowered his weapon and fired five or six shots directly at the group standing in the vicinity of Cherrylawn and Intervale.
>
> The Defendant fired some shots from the twenty-five caliber pistol and some from the twenty-two caliber pistol. One of the Defendant's shots from the twenty-five caliber automatic pistol took effect striking James McCorey, age fifteen, causing a fatal wound.

(Tr. Dec. 3, 2003, at 32.) The trial court concluded that Petitioner caused the victim's death.

The Michigan Court of Appeals affirmed the trial court and summarized the evidence as follows:

> It is undisputed that the victim was killed with a .25 caliber bullet that could not be traced to defendant's .25 caliber gun because that weapon was inoperable when it was recovered. It is also undisputed that defendant was armed with the .25 caliber gun, as well as a .22 caliber gun on the night of the incident. Defendant admitted that he 'used both' guns, but contended that the.25 caliber gun jammed. Although defendant's neighbor also fired shots, most witnesses agreed that he only fired shots up in the air. The only evidence that defendant's neighbor shot toward the corner came from defendant's first statement, which was admittedly not completely truthful, and from defendant's daughter, whose testimony was thoroughly impeached. All other witnesses agreed that defendant was the only person firing from the street towards the youths at the corner. Two .25 caliber shell casings were found in the street.

Mack, Mich. Ct. App. No. 253121, at 1-2. The court of appeals concluded that the trial court could have found beyond a reasonable doubt that Petitioner fired the fatal shot.

This Court agrees with the Michigan courts. Eyewitnesses for the prosecution and the defense testified that Petitioner fired at a group of young people, which included the victim. Although Petitioner's daughter testified that both Petitioner and Derrick

aimed at the young men, none of the other witnesses stated that Derrick aimed at, or fired at, the group. They claimed that Derrick fired straight up into the air.

Petitioner informed the police in his first statement that his neighbor also fired at the young people, but he stated in his second statement that his neighbor was shooting his gun. He did not say that his neighbor shot at the young people, and he admitted that, at least a portion of his first statement was untrue. And although Petitioner's twenty-five caliber gun was inoperable when the police found it, a rational trier of fact could have inferred from the evidence that Petitioner was able to fire the gun at least once before it malfunctioned or that the gun became inoperable when Petitioner dismantled it and attempted to hide the pieces after the shooting.

## V. Conclusion

For the reasons stated above, the state court's conclusion did not result in an unreasonable determination of the facts or in a decision that was contrary to, or an unreasonable application of, Jackson.

Petitioner's pending motions for oral argument, for an evidentiary hearing, and for appointment of a ballistics expert are DENIED. Neither an expert, nor oral argument and an evidentiary hearing, are necessary for the resolution of Petitioner's claim.

Accordingly, the petition is DENIED.

SO ORDERED.

Dated: October 3, 2006

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 3, 2006, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160